COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Coleman and Senior Judge Cole
Argued at Richmond, Virginia


EUGENE ARTHUR PORTER, JR.

v.         Record No. 0757-95-2            OPINION
                                    BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                 MAY 28, 1996


            FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                    W. Park Lemmond, Jr., Judge

        Reginald M. Barley for appellant.

        H. Elizabeth Shaffer, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.



     Eugene Arthur Porter, Jr. (appellant) appeals from his bench trial first degree murder conviction by the Circuit Court of the City of Hopewell (trial court). Appellant contends that the trial court lacked jurisdiction over him because in a transfer hearing held in the Juvenile and Domestic Relations District Court (J&D court) the detention order recited that:

> The Court finds that the evidence presented at the transfer hearing was insufficient to establish probable cause to believe that the juvenile committed the alleged delinquent act, and therefore the case is retained in this Court for trial at a later date.[1]

For the reasons that follow, we affirm.

-----

[1] The order further directed that appellant "be detained in an appropriate secure juvenile detention facility."

The record discloses the following procedures and findings:

On December 15, 1993, a petition was issued in the J&D court against appellant, then seventeen years old, charging him with murder.

On December 17, 1993, pursuant to Code § 16.1-269 (since repealed), the Commonwealth moved to transfer the case to the circuit court for trial of appellant as an adult. A transfer hearing was held in the J&D court on February 4, 1994. That court denied the Commonwealth's motion, finding that "the evidence presented at the transfer hearing was insufficient to establish probable cause to believe that the juvenile committed the alleged delinquent act, and therefore, the case is retained in this Court for trial at a later date." On February 25, 1994, the Commonwealth, pursuant to former Code § 16.1-269(E), filed a notice of removal in the circuit court.

On April 13, 1994, appellant filed a motion to dismiss in response to the Commonwealth's notice of removal, claiming that the circuit court lacked jurisdiction (1) "to review the issue of transfer since no decision on such issue was made by [the J&D court]" and (2) "to determine the issue of probable cause since such determination lies within the exclusive original jurisdiction of the appropriate [J&D] court." After a hearing on the Commonwealth's motion to remove the case and upon appellant's motion to dismiss the proceedings, the circuit court held that the requirements of former Code § 16.1-269(E) had been satisfied

and authorized the Commonwealth to seek an indictment against appellant.

On April 20, 1994, appellant was indicted for murder.

On July 29, 1994, appellant filed an application for a writ of prohibition with this Court alleging that the circuit court lacked jurisdiction to permit the Commonwealth to seek an indictment because the J&D court had failed to find probable cause. This Court denied the application, stating that "the relief sought [was] not cognizable for review by a petition for writ of prohibition."

On November 9, 1994, appellant was tried and convicted.

The issue appellant raises on appeal is not entirely consistent with the finding of the J&D court. The hearing held in that court was a transfer hearing, not a preliminary hearing to determine probable cause of guilt. Former Code § 16.1-269 provided a vehicle by which the J&D court may hold a hearing for the sole purpose of determining whether a juvenile charged with a crime should be retained in the J&D court for trial or transferred to the circuit court for criminal proceedings as if the juvenile were an adult. That vehicle was appropriately referred to as a "transfer hearing," and the finding made there did not determine guilt or innocence, only whether the case should be transferred to the circuit court or retained in the J&D court for trial.

When the J&D court denied the motion to transfer and ordered

that the juvenile's case be retained in that court, subsection (E) of former Code § 16.1-269 provided the Commonwealth with a method of review by the circuit court of the J&D court's decision. That subsection provided that in such cases, when the attorney for the Commonwealth "deems it to be in the public interest," the Commonwealth may seek a removal of the case to the proper circuit court. After notice as provided in former Code § 16.1-269(E), the circuit court must then

> within a reasonable period of time after receipt of the case from the juvenile court, (i) examine all such papers, reports and orders and (ii) conduct a hearing to take further evidence on the issue of transfer, to determine if there has been compliance with this section, but without redetermining whether the juvenile court had sufficient evidence to find probable cause, and enter an order either remanding the case to the juvenile court or advising the attorney for the Commonwealth that he may seek an indictment.

The record before us discloses that the transfer hearing and review thereof were conducted in accordance with the requirements of former Code § 16.1-269.

The issue as stated by appellant fails to recognize that the hearing in the J&D court was for the purpose of determining whether a _transfer_ of the case should be made. The J&D court ruled that the case should be retained. While the J&D court cited a lack of "probable cause" as the basis for denying the Commonwealth's motion to transfer appellant's case, the record makes clear that the J&D court concluded that the Commonwealth

had failed to demonstrate probable cause or cause to justify a transfer under former Code § 16.1-269. If the J&D court had, in fact, found probable cause lacking against appellant, it would not have retained the case for trial at a later date; rather, it would have dismissed the charge against appellant outright. On the issue whether proper procedure was followed in transferring the case to the circuit court, it is clear that no constitutional or statutory right has been abridged. Appellant was accorded all rights and protections required by law.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.